UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN BENNETT AND GLYNN BURR,** *Plaintiffs*, <br><br> vs. <br><br> **MARATHON PETROLEUM COMPANY, LP;** <br> **MPC INVESTMENT LLC;** <br> **TOTAL SAFETY U.S., INC.;** <br> **ONPOINT INDUSTRIAL SERVICES, LLC;** <br> **TURNER SPECIALTY SERVICES, L.L.C.;** <br> **TURNER INDUSTRIES ENERGY SERVICES, LLC; and** <br> **TURNER INDUSTRIES GROUP, L.L.C.,** *Defendants.* | CIVIL ACTION NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

Defendants Onpoint Industrial Services, LLC ("Onpoint") and Total Safety U.S., Inc. ("Total Safety") and hereby give notice and remove the civil action entitled "*Brian Bennett and Glynn Burr v. Marathon Petroleum Company, LP, MPC Investment LLC, Total Safety U.S., Inc., Onpoint Industrial Services, LLC, Turner Specialty Services, L.L.C., Turner Industries Energy Services, LLC, and Turner Industries Group, L.L.C.,*" bearing Suit No. C-716476, from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This removal is done pursuant to 28 U.S.C. §§ 1441 and 1446, and based on this Court's jurisdiction under 28 U.S.C. § 1332.

Title 28 U.S.C. § 1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. Accordingly, this action may be removed because this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, as detailed below.

I.      **Procedural Background**

1.      This suit arises out of an alleged plant explosion and fire that occurred on or about February 21, 2022.

2.      On March 3, 2022, Brian Bennett and Glynn Burr filed a civil action entitled *Brian Bennett and Glynn Burr v. Marathon Petroleum Company, LP, MPC Investment LLC, Total Safety U.S., Inc., Onpoint Industrial Services, LLC, Turner Specialty Services, L.L.C., Turner Industries Energy Services, LLC, and Turner Industries Group, L.L.C.*, bearing Suit No. C-716476, with the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (the "State Court Action"). Turner Specialty Services, L.L.C., Turner Industries Energy Services, LLC, and Turner Industries Group, L.L.C. shall collectively referred to as the "Turner Defendants."

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit 1**.

4.      Plaintiffs subsequently amended their Petition multiple times. Plaintiffs' Fourth Amended Petition forms the basis of this Notice of Removal. Plaintiffs filed the Fourth Amended Petition in response to the Turner Defendants' Peremptory Exception of No Cause of Action. It became ascertainable from the Fourth Amended Petition that Plaintiffs have no possibility of recovery from the Turner Defendants and that the Turner Defendants were improperly joined for the purpose of preventing removal.

5.      Furthermore, on January 20, 2023, it also became clear that Plaintiffs have no possibility of recovery against the Turner Defendants when the Plaintiffs submitted boilerplate responses to the Turner Defendants' Interrogatories.[1] Indeed, after directly being asked to state what facts they were in possession of that could possibly lead to any liability on Turner's part, the

---

[1] *See* **Exhibit 2**, Plaintiffs' Responses to Turner Defendants' First Set of Interrogatories.

Plaintiffs admitted that they had no such facts by only responding with generic boilerplate responses.

6. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(3). Total Safety and Onpoint first received the Fourth Amended Petition via email service on January 17, 2023.[2] Moreover, Total Safety and Onpoint first received the Plaintiffs' interrogatory responses on January 20, 2023. Accordingly, this Notice of Removal is being filed within 30 days of receipt of an amended pleading and/or written discovery responses from which it became ascertainable that the case is removable as set forth in 28 U.S.C. § 1446(b)(3).

7. Pursuant to 28 U.S.C. §§ 124(c)(2), 98(a), and 1441(a), this Notice of Removal is properly filed in the Middle District of Louisiana, because the jurisdiction of this Court embraces the Parish of East Baton Rouge, the parish in which the State Court Action was instituted.

8. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**II.     Diversity of Citizenship Jurisdiction**

    **A.     There is complete diversity between the properly-joined parties.**

9. Plaintiffs are citizens of Louisiana, both at the time of the institution of the State Court Action and at the time of removal.[3]

10. Defendant Marathon Petroleum Company LP ("Marathon") is a limited partnership domiciled in Delaware with its principal place of business located in Ohio. Furthermore, both of Marathon's partners—MPC Investment LLC and Marathon Petroleum Corporation—are citizens

---

[2] *See* **Exhibit 3**, Service Email from Plaintiffs' Counsel dated January 17, 2023.
[3] *See* Plaintiffs' Fourth Amended Petition, included in **Exhibit 1**, at ¶ II-A.

of Ohio, both at the time of the institution of the State Court Action and at the time of removal. Accordingly, Marathon is not a citizen of Louisiana.

11.     Defendant MPC Investment LLC ("MPC") is a limited liability company with all members being citizens of states other than Louisiana, both at the time of the institution of the State Court Action and at the time of removal. Accordingly, MPC is not a citizen of Louisiana.

12.     Specifically, Marathon Petroleum Company LP and MPC Investment LLC both are citizens of Delaware and Ohio. Marathon Petroleum Company LP is a limited partnership, which has MPC Investment LLC as general partner, along with Marathon Petroleum Corporation and Giant Industries, Inc. as limited partners. Marathon Petroleum Corporation is incorporated in Delaware and has its principal place of business in Ohio, making it a citizen of those two states. Giant Industries, Inc. also is a citizen of Delaware and Ohio because it too is incorporated in Delaware and has its principal place of business in Ohio. MPC Investment LLC is a limited liability company whose only member is Marathon Petroleum Corporation. Marathon Investment LLC is thus a citizen of Delaware and Ohio because its only member, Marathon Petroleum Corporation, is a citizen of those two states.

13.     Defendant Total Safety U.S., Inc. ("Total Safety) is a corporation that is incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Texas, both at the time of the institution of the State Court Action and at the time of removal. Accordingly, Total Safety is not a citizen of Louisiana.

14.     Defendant Onpoint Industrial Services, LLC ("Onpoint") is a limited liability company with all members being citizens of states other than Louisiana (namely, Delaware), both at the time of the institution of the State Court Action and at the time of removal. Accordingly, Onpoint is not a citizen of Louisiana.

15. Thus, there is complete diversity between the properly-joined parties.

16. Admittedly, the remaining defendants, Turner Specialty Services, L.L.C., Turner Industries Energy Services, LLC, and Turner Industries Group, L.L.C., are non-diverse from the Plaintiffs. However, the Turner Defendants can and should be disregarded—for purposes of both diversity of citizenship and the procedural bar against a diversity removal of an action that includes a forum-domiciled defendant—because these parties are improperly joined, as discussed further below.

**B.    The Turner Defendants have been improperly joined to the pending lawsuit for the sole purpose of defeating diversity jurisdiction and removal.**

17. The U.S. Court of Appeals for the Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[4] The test for the latter "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5] As part of the improper-joinder analysis, if necessary, the "court may pierce the pleadings and consider summary-judgment type evidence."[6]

18. To survive an improper-joinder analysis, "there must be a reasonable possibility of recovery, not merely a theoretical one."[7]

19. Courts resolve the improper joinder issue in one of two ways: "First, the 'court may conduct a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine

---

[4] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).
[5] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[6] *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). The removing parties reserve their right to submit summary judgment type evidence if the Court deems it necessary.
[7] *Ross v. Citifin, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

whether the complaint states a claim under state law against the in-state defendant.'"[8] "If the plaintiff cannot survive the Rule 12(b)(6) challenge, dismissal of the improperly joined defendants, without prejudice, is warranted."[9] "Second, 'in appropriate circumstances,' the 'court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'"[10]

20. Here, Plaintiffs' Fourth Amended Petition lacks any allegations against the Turner Defendants that could possibly survive a Rule 12(b)(6) challenge. Rather, the Plaintiffs assert only generic, broad, and conclusory allegations of non-specific negligence against the Turner Defendants—a "cut and paste" of the same boilerplate allegations made against the other Defendants—and do not actually plead any specific facts that could give rise to liability for any cause of action under Louisiana law.

21. Specifically, the Plaintiffs generically allege that the Turner Defendants are liable for:

- Failing to maintain its premises in a reasonable and safe condition;
- Failing to take adequate precaution and adequately plan for start up;
- Failing to remedy a known, dangerous equipment;
- Failing to provide adequate safety measures;
- Failing to give adequate warnings to Plaintiffs of an unsafe condition(s);
- Failing to adequately mark a dangerous condition(s);
- Failing to adequately maintain the premises;
- Failing to take appropriate and reasonable action to protect Plaintiff;
- Creating a dangerous condition;

---

[8] *McKay v. Walmart, Inc.*, 2022 U.S. Dist. LEXIS 235341, at *13 (M.D. La. Dec. 12, 2022) (citing *Smallwood*, 385 F.3d at 573).
[9] *Thomas v. United Rentals, Inc.*, 2022 U.S. Dist. LEXIS 232635, at *7 (M.D. La. Aug. 8, 2022) (citations omitted).
[10] *McKay*, 2022 U.S. Dist. LEXIS 235341, at *13 (citing *Smallwood*, 385 F.3d at 573-74).

#101010398v1

- Failing to timely and appropriately remedy a dangerous condition;

- Failing to timely and appropriately remedy a dangerous condition;

- Vicarious liability for the acts and/or omissions of their employees;

- Failing to hire, manage, train, and supervise competent employees; and

- Violations of Louisiana Civil Code Art. 2315;

- Violations of Louisiana Civil Code Art. 2317;

- Violations of Louisiana Civil Code Art. 2322;

- Other acts deemed negligent.[11]

22.  The Plaintiffs assert these same boilerplate, conclusory allegations against each of the other Defendants.

23.  This Court is not required to accept these boilerplate conclusory allegations regarding purported negligence by the Turner Defendants.[12] Rather, actual factual allegations are required, which are not present here.

24.  There are simply no facts alleged to support a finding that the Turner Defendants could be held liable for negligence: there are no facts to explain *what* goods or services were provided by the Turner Defendants, let alone facts explaining *why* such goods or services were deficient. There are no facts alleged to explain *how* such unnamed goods or services caused the Plaintiffs to incur injuries. Indeed, there are not even any allegations that the Plaintiffs *actually used* any goods or services provided by the Turner Defendants. Moreover, there are no facts alleged to explain why the Turner Defendants owed a duty to the Plaintiffs.

---

[11] *See* Plaintiffs' Fourth Amended Petition, included in **Exhibit 1**, at ¶ III-D.
[12] *See Deggs v. Fives Bronx, Inc.*, 2020 U.S. Dist. LEXIS 51798, at *18 (M.D. La. Mar. 3, 2020).

25.     This begs the question: If the Plaintiffs are not making any actual factual allegations against the Turner Defendants, then why did the Plaintiffs name the Turner Defendants in this suit? The answer is simple: because the Turner Defendants are non-diverse defendants, and therefore, their joinder would keep the case in state court. Plaintiffs essentially confirm this in their Fourth Amended Petition when they state in Paragraph I-C: "This case is not removable to federal court because there is not complete diversity and because the Turner Defendants are Louisiana citizens."[13]

26.     In sum, in response to the Turner Defendants' Exception of No Cause of action, the Plaintiffs failed to plead facts that could give rise to the Turner Defendants being held liable for any cause of action.

27.     Moreover, it alternatively became clear that the Plaintiffs had no possibility of recovery against the Turner Defendants when they submitted their January 20, 2023 interrogatory responses, in which they failed to present any factual basis to establish liability on Turner's behalf despite being specifically asked to do so in discovery.[14]

28.     Accordingly, this Court should not indulge the Plaintiffs' obvious effort to prevent removal through the improper joinder of the Turner Defendants.

29.     Therefore, after disregarding the improperly-joined defendants, there is complete diversity between the Plaintiffs and the properly-joined defendants—Marathon, MPC, Onpoint, and Total Safety.[15]

---

[13] Plaintiffs' Fourth Amended Petition, included in **Exhibit 1**, at ¶ I-C.
[14] **Exhibit 2**, Plaintiffs' Responses to Turner Defendants' First Set of Interrogatories.
[15] Total Safety and Onpoint do not admit that they, or Marathon, or MPC are or should be liable for any of the allegations in the Plaintiffs' Fourth Amended Petition.

### III.  Amount in Controversy

30.  The amount in controversy requirement is satisfied because a preponderance of the evidence shows that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

31.  This is a personal injury matter in which three Plaintiffs allege in their Fourth Amended Petition that they suffered "severe and *permanent*" physical injuries to *specifically referenced* body parts including the head, ear, arm, wrist, and back, as the result of an alleged plant explosion and fire.[16]

32.  In addition to the alleged physical injuries, Plaintiffs assert additional claims, *inter alia*, for "past and future mental anguish and distress," "past and future loss of enjoyment of life," "past and future medical expenses," "past loss earnings," and "future loss of earning capacity."[17]

33.  Therefore, in light of (1) the nature of the alleged accident—an explosion and subsequent fire—that forms the basis of this lawsuit, (2) the alleged "severe and permanent" physical injuries to the Plaintiffs, (3) and the Plaintiffs' claims for disfigurement, lost wages, loss of earning capacity, mental anguish and distress, and other general damages, it is apparent from the face of the Fourth Amended Petition that the amount in controversy in this matter exceeds the amount of $75,000, exclusive of interest and costs.

34.  With the requirements for diversity jurisdiction set forth by 28 U.S.C. § 1332 having been met, this Honorable Court has jurisdiction over this matter.

---

[16] *See* Plaintiffs' Fourth Amended Petition, included in **Exhibit 1**, at ¶ IV-A.
[17] *See* Plaintiffs' Fourth Amended Petition, included in **Exhibit 1**, at ¶ IV-A.

**IV.     Consent to Removal**

35.     Under 28 U.S.C. 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

36.     Here, the Turner Defendants were improperly joined, and thus, their consent is not required.[18]

37.     The remaining co-Defendants—Marathon and MPC—have provided consent for this removal.[20]

38.     The appropriate notice of this removal has been filed with the 19th Judicial District Court House, Parish of East Baton Rouge, State of Louisiana.

WHEREFORE, Total Safety and Onpoint, having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq.*, including all the jurisdictional requirements of 28 U.S.C. § 1332, pray that this Notice of Removal be deemed good and sufficient and that this matter be removed from the 19th Judicial District Court House, Parish of East Baton Rouge, State of Louisiana, to this Honorable Court.

[*Signatures on following page.*]

---

[18] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.")
[20] **Exhibit 4**, Consent to Removal from Marathon Petroleum Company LP and MPC Investment LLC.

Respectfully submitted,

*/s/ Charles R. Talley*
Charles R. Talley (#12634)
chuck.talley@keanmiller.com
**KEAN MILLER LLP**
First Bank and trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

AND

Forrest E. Guedry (#36482)
forrest.guedry@keanmiller.com
**KEAN MILLER LLP**
II City Plaza, 400 Convention St., Suite 700
Post Office Box 3513 (70821)
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
***Attorneys for Onpoint Industrial Services, L.L.C.***

*/s/ Tarak Anada*
JEFFERSON R. TILLERY (#17831)
TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
Email: jtillery@joneswalker.com
       tanada@joneswalker.com
***Attorneys for Total Safety, U.S., Inc.***

11

#101010398v1

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all known counsel. New Orleans, Louisiana, this 16th day of February, 2023.

                                                  */s/ Tarak Anada*
                                                  Tarak Anada

#101010398v1